IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES CLARY, <br><br> Plaintiff, <br><br> vs. <br><br> REGINALD D. MICHAELS, et al., <br><br> Defendants. | Cause No. CV 21-03-H-SEH <br><br><br> **ORDER** |

On January 13, 2021, Charles Clary ("Clary") filed a complaint under 42 U.S.C. § 1983 alleging violation of civil rights. On January 26, 2021, the Court allowed amendment.[1] Clary was instructed to "state what each defendant did, the approximate date of the occurrence, and how that action violated or caused a violation of a federal right."[2]

An amended complaint and extensive exhibits were filed.[3] At most, Clary

---

[1] *See* Doc. 5 at 2–4; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[2] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *See* Docs. 10, 10-1.

1

claims he did not receive psychiatric medication when a correctional officer found him noncompliant with dispensation procedures or when an officer makes a mistake in allocation of medication.[4] Clary does not allege he complied or attempted to comply with dispensation procedures. He does not allege he is unable to comply with dispensation procedures, or that any defendant was aware of his claimed inability to comply.[5] He does not allege that medication was withheld as a form of punishment for violation of rules other than those governing dispensation. "The Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."[6] The Amended Complaint fails to state a claim for violation of right to adequate medical care.

Clary also alleges retaliation results from filing of a civil suit or for a complaint that his medication was given to another inmate. He refers to "6 weeks when Sgt. Hotchkiss would intentionally deny Plaintiff his psy medication."[7] This allegation is incomprehensible. He does not allege that anyone denied him

---

[4] *See* Doc. 10 at 10–11; *see also* Doc. 10-1 at 74.

[5] *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[6] *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

[7] *See* Doc. 10 at 11.

medication for six weeks.[8] He does not allege he complied, attempted to comply, or is unable to comply with dispensation procedures, nor does he assert that denial of medications did not reasonably advance the legitimate correctional goal of maintaining an orderly procedure for dispensing medication.[9] The facts do not rise to the level of violating the Constitution. An appeal would not be taken in good faith.

ORDERED:

1. This action is DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. By separate document, the clerk shall enter a judgment of dismissal.

3. The Court CERTIFIES that any appeal of this disposition would not be taken in good faith.[10]

DATED this 6th day of April, 2021.

*Sam G. Haddon*
Sam E. Haddon
United States District Court

---

[8] *See* Doc. 10-1 at 71–81 (Appendix K).

[9] *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

[10] *See* Fed. R. App. P. 24(a)(3)(A).

3